# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

AUDREY DENISE ROBERTSON                                                          PLAINTIFF

vs.                                          CIVIL ACTION NO.: 2:12cv57-MPM-DAS

LIBBY MULLINS, et al.                                                    DEFENDANTS

## REPORT AND RECOMMENDATION

On October 26, 2012, plaintiff Audrey Denise Robertson, a former inmate currently on earned release supervision, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for her claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when she filed this lawsuit.[1]

## Allegations

The plaintiff makes several allegations against employees of the Bolivar County Correctional Facility, where she was housed prior to being discharged on earned supervised release. First, she alleges that Bolivar County Officer Jane Shegog threw away personal items from a care package sent to the plaintiff by her family, in violation of the plaintiff's rights and Mississippi Department of Corrections policy. In her second claim, the plaintiff maintains that an officer named Sara refused to send the plaintiff's legal mail on December 31, 2011, despite

---

[1] 28 U.S.C. § 1915(g).

the fact that other mail went out from the facility on that date.[2]  Third, the plaintiff alleges that various first shift officers tampered with her legal mail, and that inmate legal assistant, Laura Hopson, changed the address on one item so that it would be sent to the wrong courthouse. Finally, she maintains that the G.E.D. instructor, Libby Mullins, told the plaintiff that because her scores had not improved, that she needed to "take a break" from class for a couple of months.

**Discussion**

Access to the Courts

The plaintiff alleges that the defendants interfered with her right to access to the courts by failing to ensure that her legal documents were timely mailed, and by "tampering" with her mail by changing the delivery address.  Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-22 (1977).  However, a prisoner does not state a constitutional claim for the denial of access to the courts unless she can demonstrate that she has suffered an "actual injury" as a result of the interference with her ability to prepare or transmit a legal document.  *Lewis v. Casey*, 518 U.S. 343, 348 (1996)*; Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996); *Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970).

The fact that officers opened and read the plaintiff's legal mail, without more, does not state a constitutional claim.  *See, e.g, Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993) (allegation that mail was opened and read, but not censored, did not state a constitutional claim).  Additionally, Plaintiff has not demonstrated that she was actually prejudiced as a result of the defendants' actions, as she was able to successfully file the instant lawsuit.   Plaintiff has

---

[2] In her complaint, Plaintiff maintains that Officer Leflore refused to send her legal mail because of the holiday.

failed to state a claim upon which relief could be granted, and these allegations should be dismissed.

G.E.D. Classes

Plaintiff's complaint that she was asked to leave G.E.D. classes does not state a constitutional claim, because she has no constitutionally protected interest in the classes. *See Beck v. Lynaugh*, 824 F.2d 757, 762 (5th Cir. 1988); *see also McBride v. Powers*, 364 Fed.Appx. 867, 870-71 (5th Cir. 2010) (*citing Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)). Plaintiff has failed to state a claim upon which relief could be granted, and this allegation should be dismissed.

Property Deprivation

Plaintiff maintains that, in violation of Mississippi Department of Corrections policy, Officer Shegog threw away various personal items sent to the plaintiff by her family members, including hair grease, shower caps, face cleansing pads, and socks. Plaintiff's allegations are sufficient to state a constitutional claim, and process will issue as to Officer Shegog as to this claim.

In sum, the undersigned respectfully recommends that all of the plaintiff's claims, with the exception of her claim of property deprivation, should be dismissed, and process should issue for Officer Jane Shegog as to the remaining claim.

**Handling of Objections, Acknowledgment of Receipt**

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written

objections to the findings, conclusions, and recommendations in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. . . .". *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.

Respectfully submitted this the 29th day of October, 2012.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE