IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

AUDREY DENISE ROBERTSON                                            PLAINTIFF

vs.                                          CIVIL ACTION NO.: 2:12cv57-MPM-DAS

LIBBY MULLINS, et al.                                              DEFENDANTS

## OPINION AND ORDER

Plaintiff, Audrey Denise Robertson, a former Mississippi prisoner currently on earned release supervision, filed a pro se civil rights action under 42 U.S.C. § 1983 against Jane Shegog, a jailor at the Bolivar County Correctional Facility, alleging that Officer Shegog confiscated and destroyed her personal property. Defendant Shegog has filed a motion to dismiss this action, or alternatively, for summary judgment. For the reasons that follow, Defendant's motion will be granted and this action dismissed.

### Plaintiff's Allegations

Plaintiff was formerly housed at the Bolivar County Correctional Facility as a state prisoner, where her family members sent her a care package on November 11, 2012. Plaintiff maintains that the care package included, among other items, hair grease, shower caps, face cleansing pads, and socks. Plaintiff alleges that Defendant gave her the care package, but that Defendant confiscated and destroyed the previously mentioned items. Plaintiff maintains that Defendant's actions were a violation of Mississippi Department of Corrections policy.

### Rule 12 Standard

Defendant styles the instant motion as one to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), or alternatively, one for summary judgment pursuant to Federal Rule of Civil

1

Procedure 56. Because Defendant has filed an answer in this cause, however, the instant motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is construed as a motion for judgment on the pleadings pursuant to Rule 12(c). *See, e.g., Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *see also* Fed.R.Civ.P. 12(b) (stating that motion raising defenses listed in Rule 12(b) "must be made before pleading if a responsive pleading is allowed"). Judgment on the pleadings pursuant to Rule 12(c) is appropriate when the facts are undisputed and only questions of law remain. *See, e.g., Voest-Apline Trading USA Corp. v. Bank of China,* 142 F.3d 887, 891 (5th Cir. 1998); *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). Because Plaintiff's claim involves a question of law that can be determined by a review of the undisputed facts, Defendant's Rule 12 motion does not require treatment as a motion for summary judgment pursuant to Rule 56.

The standard for addressing a motion for judgment on the pleadings under Rule 12(c) is the same as that used to address a motion to dismiss under Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209-10 (5th Cir. 2010). Generally, a court considering a motion to dismiss is limited to a consideration of the matters contained in the pleadings. *Kane Enterprises v. MacGregor, Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). In doing so, the court accepts the well-pleaded allegations in the complaint as true and views them in the light most favorable to the plaintiff. *Cramer v. Skinner*, 931 F.2d 1020, 1025 (5th Cir. 1991); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court determines whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim meets the standard of "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court does not "evaluate the plaintiff's likelihood of success" when considering a motion to dismiss, the plaintiff's failure to state a "legally cognizable claim that is plausible," will not allow her complaint to survive a motion to dismiss. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citation omitted). Dismissal is, therefore, appropriate only "if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

## Discussion

The United States Supreme Court has held that the random and unauthorized deprivation of a prisoner's property by a state actor does not violate the prisoner's due process rights if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). This rule, known as the *Paratt/Hudson* doctrine, provides "that no constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional conduct of public officials, unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct." *Martin v. Dallas County, Tex.*, 822 F.2d 553, 555 (5th Cir. 1987); *see also Hudson*, 486 U.S. at 533, *Daniels*, 474 U.S. at 330-31; *White v. Epps*, 411 Fed.Appx. 731 (5th Cir. 2011).

In this case, Plaintiff argues that Defendant intentionally, and without authorization, threw away a box of personal property that her family mailed to her. Plaintiff's allegation is

3

exactly the type to which the *Paratt/Hudson* doctrine is applicable. The Court finds that Plaintiff's claim, taken as true, must be dismissed because Mississippi law provides post-seizure remedies for the intentional and negligent deprivation of property. *See, e.g.*, Miss. Code Ann. § 11-38-1, *et seq*. (claim and delivery); Miss. Code Ann. § 11-37-101, *et seq*. (replevin); *Wilson v. General Motors Acceptance Corp.*, 883 So.2d 56, 68-69 (Miss. 2004) (setting forth elements for conversion claim); *Johnson v. King*, 85 So.3d 307 (Miss.App. Mar. 27, 2012) (finding MDOC officials violated Mississippi's Takings Clause by seizing inmate's coffee mug).

Plaintiff does not allege that Mississippi fails to provide an adequate post-deprivation remedy, and the Court notes that the Fifth Circuit has found that Mississippi's post-deprivation remedies for in forma pauperis litigants satisfy due process. *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994); *see also White v. Epps*, 411 Fed.Appx. 731 (5th Cir. 2011) (noting plaintiff's claim against prison officials for alleged malicious destruction of his personal property barred by *Parratt/Hudson* doctrine). Inasmuch as Plaintiff's claims do not amount to the violation of a constitutional right, Defendant's motion is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**. A separate judgment in accordance with this order will enter today.

**SO ORDERED** this the 26th day of March, 2013.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**